**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

--------------------------------
HASSAN RIKER,                   :   Hon. Claire C. Cecchi
                                :   Civil Action No. 10-1752 (CCC)
            Plaintiff,          :
                                :
                                :
            v.                  :         OPINION
                                :
CMS, INC., et al.,              :
                                :
            Defendants.         :
--------------------------------
```

**APPEARANCES:**

    HASSAN RIKER, Plaintiff pro se
    607056/SBI#9811
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey, 08302

    SEAN ROBINS, ESQ.
    MARKS, O'NEILL, O'BRIEN & COURTNEY, PC
    Suite 300, Cooper River West
    6981 North Park Drive
    Pennsauken, New Jersey 08109
    Counsel for Defendant, CMS, Inc.

    SUSAN MARIE SCOTT, ESQ.
    OFFICE OF THE N.J. ATTORNEY GENERAL
    R.J. Hughes Justice Complex
    P.O. Box 112
    Trenton, New Jersey 08625
    Counsel for Remaining Defendants

**CECCHI**, District Judge

    THIS MATTER comes before the Court on the motion of defendant, CMS, Inc., to dismiss the Complaint, pursuant to Fed.R.Civ.P. 12(b)(6).  (Docket entry no. 34).  Plaintiff has not filed any opposition to defendant's motion.  This matter is being considered

on the papers pursuant to Fed.R.Civ.P. 78.  For the reasons set forth below, defendant's motion will be granted.

## I. BACKGROUND

On or about April 5, 2010, plaintiff, Hassan Riker ("Riker"), filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983, against numerous defendants: CMS, Inc.; the New Jersey Department of Corrections ("NJDOC"); "CTP";[1] Dr. Elmira Kapchits; Dr. Narsimha Reddy; John Doe Paul, Administrator at East Jersey State Prison ("EJSP"); Sgt. John Doe Dircks; Sgt. John Doe Vessel; Sgt. John Doe Jones; Senior Officer John Doe Alexander; Nurse Jane Doe Rhoda; Officer John Doe Rembert; and Sgt. John Doe Lawson, all employed at the EJSP.  (Complaint, Caption, ¶¶ 4b, 4c, and 2b-j).

In his Complaint, Riker alleges that, on or about September 2 or 3, 2009, he was transported from the South Woods State Prison ("SWSP") to the St. Francis Medical Center, where his medical supplies were lost.  The loss of his medical supplies forced Riker to re-use single use catheters.  On or about September 2 or 3, 2009, Riker was taken to the medical unit at EJSP.  He was evaluated by Dr. Kapchits, but did not receive any medical supplies he needed.  He was given laxatives or suppositories but could not use them because there was no handicap-accessible commode.

---

[1] Plaintiff does not identify this named defendant, but it appears that this defendant was involved in plaintiff's transport from the South Woods State Prison to the St. Francis Medical Center on or about September 2, 2009.

2

Consequently, Riker alleges that he became constipated and suffered severe pain and cramps. (Compl., Statement of Claims).

On or about September 6, 2009, Riker was moved to the "ACSU" unit and placed in a cell too small for his wheelchair. He was given a smaller wheelchair which caused his feet to drag on the cell. The next day, plaintiff was evaluated by Dr. Reddy, who told Riker that plaintiff could crawl to the toilet and put himself on it. Riker explained that he is a paraplegic.

Riker asserts that the defendants have violated his constitutional rights and his rights under the Americans with Disabilities Act ("ADA"). He seeks an unspecified amount in compensatory and punitive damages "for cruel and unusual punishment, pain and suffering, mental anguish caused by act of malice and deliberate negligence as direct results of stomach pains, and inhumane treatment that resulted in unsanitary hygienic negligence, and discrimination." (Compl., ¶ 7).

On April 20, 2011, defendant CMS, Inc. filed a motion to dismiss the Complaint, and/or for summary judgment. (Docket entry no. 8). On October 12, 2011, this Court entered a text order administratively terminating any pending motions because the matter had recently been reassigned to this Court. (Docket entry no. 33). The Order directed the parties to re-file their motions and provide courtesy copies to the Court. (Id.). Accordingly, on October 14,

2011, defendant CMS, Inc. (Hereinafter "CMS") re-filed its motion to dismiss and/or for summary judgment. (Docket entry no. 34).

In its motion, CMS notes that it is named only in the caption of plaintiff's Complaint. No where else in the Complaint does plaintiff mention, discuss or refer to CMS, and no actual claim of any kind has been asserted against CMS by plaintiff.

Additionally, CMS states that CMS had held a contract with the NJDOC for the provision of medical services to inmates until its expiration as of midnight, October 1, 2008. All of plaintiff's allegations in his Complaint occurred on and after September 2, 2009, well beyond the date CMS's contract with the NJDOC had expired.

Plaintiff has not responded to the motion filed by CMS.

## II.   DISCUSSION

### A.   Standard on Motion to Dismiss

On a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See, e.g., Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed

only if the alleged facts, taken as true, fail to state a claim. Iqbal, 129 S.Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000), cert. denied, Forbes v. Semerenko, 531 U.S. 1149 (2001).

In Iqbal, the Supreme Court revised the standard for summary dismissal of a Complaint that fails to state a claim. The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[2] Citing its recent opinion in Twombly, for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S.

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in

6

Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be

---

[3] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

7

"a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

Thus, for a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [;][t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

B.  The Complaint Must Be Dismissed as Against CMS

Here, the Complaint fails to allege any facts against defendant CMS. As CMS aptly points out in its motion, there is "not one single allegation" asserted against CMS. The Complaint is devoid of any allegations as to the role played by CMS in this

"a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

Thus, for a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [;][t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

B.  The Complaint Must Be Dismissed as Against CMS

Here, the Complaint fails to allege any facts against defendant CMS. As CMS aptly points out in its motion, there is "not one single allegation" asserted against CMS. The Complaint is devoid of any allegations as to the role played by CMS in this

matter.  There simply are no allegations of any conduct on the part of CMS in the Complaint.  Moreover, in the typewritten section of plaintiff's complaint, plaintiff lists nine (9) defendants and details their involvement in the case.  CMS is not named or included at any point in this section or in the handwritten section of the Complaint.  Thus, the only place where CMS is referenced is in the caption of the Complaint.

Finally, and most significantly, plaintiff's allegations are said to have occurred on or after September 2, 2009.  There are absolutely no factual allegations prior to that date.  CMS was no longer involved in or responsible for the provision of medical services to inmates in the NJDOC after its contract with the NJDOC expired on October 1, 2008.  Accordingly, any claims being alleged by plaintiff in this case, on their face, are alleged to have occurred or arisen ***after*** CMS left the state prison system, and after a different medical services provider had assumed responsibility for that function.

Consequently, the Complaint must be dismissed, in its entirety, as against defendant CMS, for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6).

### III.   CONCLUSION

Therefore, for the reasons set forth above, the motion by CMS to dismiss the Complaint, pursuant to Fed.R.Civ.P. 12(b)(6), will be granted, and this action will be dismissed with prejudice, in

9

its entirety, with respect to defendant, CMS, Inc.  An appropriate order follows.

                                                s/Claire C. Cecchi
                                               CLAIRE C. CECCHI
                                               United States District Judge

Dated: November 17, 2011