<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HASSAN RIKER,                    :
                                 : Civil Action No. 10-1752 (CCC)
          Plaintiff,             :
                                 :
                                 :
     v.                          : **OPINION**
                                 :
CMS, INC., et al.,               :
                                 :
          Defendants.            :


**APPEARANCES:**

> HASSAN RIKER, Plaintiff <u>pro se</u>
> 607056/SBI#9811
> South Woods State Prison
> 215 Burlington Road South
> Bridgeton, New Jersey, 08302
>
> SEAN ROBINS, ESQ.
> MARKS, O'NEILL, O'BRIEN & COURTNEY, PC
> Suite 300, Cooper River West
> 6981 North Park Drive
> Pennsauken, New Jersey 08109
> Counsel for Defendant, CMS, Inc.
>
> SUSAN MARIE SCOTT, ESQ.
> OFFICE OF THE N.J. ATTORNEY GENERAL
> R.J. Hughes Justice Complex
> P.O. Box 112
> Trenton, New Jersey 08625
> Counsel for Remaining Defendants

**CECCHI**, District Judge

THIS MATTER comes before the Court on the motion of defendants, New Jersey Department of Corrections - Central Transportation, Alexander, Dirks, Jones, Lawson, Paul, Rembert and Vessel, to dismiss the Complaint, pursuant to <u>Fed.R.Civ.P.</u>

12(b)(6), and for summary judgment, pursuant to Fed.R.Civ.P. 56(c). (Docket entry no. 36). Plaintiff has not filed any opposition to defendant's motion. This matter is being considered on the papers pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, defendants' motion will be granted.

I. BACKGROUND

On or about April 5, 2010, plaintiff, Hassan Riker ("Riker"), filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983, against numerous defendants: CMS, Inc.; the New Jersey Department of Corrections ("NJDOC")-"CTP";[1] Dr. Elmira Kapchits; Dr. Narsimha Reddy; John Doe Paul, Administrator at East Jersey State Prison ("EJSP"); Sgt. John Doe Dircks; Sgt. John Doe Vessel; Sgt. John Doe Jones; Senior Officer John Doe Alexander; Nurse Jane Doe Rhoda; Officer John Doe Rembert; and Sgt. John Doe Lawson, all employed at the EJSP. (Complaint, Caption, ¶¶ 4b, 4c, and 2b-j).

In his Complaint, Riker alleges that, on or about September 2 or 3, 2009, he was transported from the South Woods State Prison ("SWSP") to the St. Francis Medical Center, where his medical supplies were lost. The loss of his medical supplies forced Riker to re-use single use catheters. On or about September 2 or 3, 2009, Riker was taken to the medical unit at EJSP. He was

---

[1] Plaintiff does not identify "CTP", but it appears that it relates to plaintiff's transport from the South Woods State Prison to the St. Francis Medical Center on or about September 2, 2009. Defendants identify this defendant as the New Jersey Department of Corrections - Central Transportation ("NJDOC-CTP").

2

evaluated by Dr. Kapchits, but did not receive any medical supplies he needed. He was given laxatives or suppositories but could not use them because there was no handicap-accessible commode. Consequently, Riker alleges that he became constipated and suffered severe pain and cramps. (Compl., Statement of Claims).

On or about September 6, 2009, Riker was moved to the "ACSU" unit and placed in a cell too small for his wheelchair. He was given a smaller wheelchair which caused his feet to drag on the cell. The next day, plaintiff was evaluated by Dr. Reddy, who told Riker that plaintiff could crawl to the toilet and put himself on it. Riker explained that he is a paraplegic.

Riker asserts that the defendants have violated his constitutional rights and his rights under the American with Disabilities Act ("ADA"). He seeks an unspecified amount in compensatory and punitive damages "for cruel and unusual punishment, pain and suffering, mental anguish caused by act of malice and deliberate negligence as direct results of stomach pains, and inhumane treatment that resulted in unsanitary hygienic negligence, and discrimination." (Compl., ¶ 7).

On August 5, 2011, defendants, NJDOC-CTP, Alexander, Dirks, Jones, Lawson, Paul, Rembert and Vessel, filed a motion to dismiss the Complaint, and/or for summary judgment. (Docket entry no. 32). On October 12, 2011, this Court entered a text order administratively terminating any pending motions because the matter

had recently been reassigned to this Court. The Order directed the parties to re-file their motions and provide courtesy copies to the Court. Accordingly, on October 14, 2011, defendants re-filed their motion to dismiss and/or for summary judgment. (Docket entry no. 36).

In their motion, defendants state that the EJSP has a grievance procedure "designed to provide a direct and confidential route for inmates to make the administration aware of any problems or concerns and to allow the administration to remedy any problems in a timely and efficient manner." (Declaration of Carol Farrell, Inmate Remedy Coordinator at EJSP, dated August 5, 2011, ¶ 4, Exhibit A at 45). This grievance procedure is made known and available to all inmates at EJSP through the EJSP Inmate Handbook. (Farrell Decl., ¶¶ 2, 4).

Pursuant to the EJSP Handbook, an inmate is to complete an Inmate Request System and Remedy Form and place it in a box marked "Inmate Request System and Remedy Forms Only." (Id., at ¶ 5; Ex. At 46). Completed forms are picked up daily, except on weekends, holidays or emergencies. (Id., ¶ 6, Ex. A at 46). After an administrative staff response is received, an inmate may appeal the staff decision by completing Part IV of the Remedy Form within 10 days of receipt of the response. (Id., ¶ 7, Ex. A at 47). The EJSP Administrator or designee renders a final agency decision on

4

the administrative appeal, and the inmate's administrative remedies are then exhausted. (Id., ¶ 8, Ex. A at 48).

Defendants allege that Riker filed administrative remedy forms regarding his alleged assignment to a cell that was not handicapped accessible, but Riker never filed any administrative appeals to responses received to his remedy forms. (Id., ¶¶ 9, 10; Ex. B). Therefore, defendants contend that plaintiff has failed to exhaust his administrative remedies.

Plaintiff has not responded to the motion filed by defendants. Accordingly, because Riker has not submitted a responsive statement of material facts in dispute, the material facts asserted by defendants, (Docket entry no. 36-2), shall be deemed undisputed. L.Civ.R. 56.1(a).

II.   DISCUSSION

A.   Standard on Motion to Dismiss

On a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See, e.g., Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed

5

only if the alleged facts, taken as true, fail to state a claim. Iqbal, 129 S.Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000), cert. denied, Forbes v. Semerenko, 531 U.S. 1149 (2001).

In Iqbal, the Supreme Court revised the standard for summary dismissal of a Complaint that fails to state a claim. The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[2] Citing its recent opinion in Twombly, for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S.

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in

7

Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

---

[3] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

8

Fowler, 578 F.3d at 210-211.

Thus, for a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [;][t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

B. Summary Judgment Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996);

Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n. 3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires

submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented ... by depositions, answers to interrogatories, or further affidavits," id. at 322 n. 3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S.

11

871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied,507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, ... the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[ ] the 'mere scintilla' threshold and ... offer[ ] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.) (citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

C.   The Complaint Contains Threadbare Allegations

12

Relying on Iqbal, 129 S.Ct. at 1944, 1952, defendants first argue that the Complaint should be dismissed because it contains only "threadbare" allegations and conclusory statements that are not entitled to an assumption of truth.

First, as to defendant, NJDOC-CTP, the Complaint simply alleges that Riker was transported from SWSP to the hospital, where his medical supplies were lost. There are no allegations of wrongful conduct against this defendant that would rise to the level of a constitutional violation. At best, plaintiff may be asserting a claim of negligence, which is not cognizable under § 1983. There are no allegations that would support a claim under the ADA. Consequently, the Complaint must be dismissed, in its entirety, as against defendant NJDOC-CTP, for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6).

Next, the Complaint merely alleges that defendants Dircks, Vessel, Jones, Alexander and Lawson neglected plaintiff's special needs. As to defendant Rembert, Riker simply pleads that Rembert "denied plaintiff assistance and medication." (Compl., at ¶ 2.i). As stated, these allegations are nothing more than threadbare, conclusory statements that are not entitled to the assumption of truth. Accordingly, the Complaint will be dismissed in its entirety as against these named defendants for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6).

Similarly, as to Administrator Paul, the Complaint merely alleges that Riker filed several remedies and verbal complaints

with Paul, and that Paul was aware of plaintiff's special needs but failed to act pursuant to "prison protocol." (Compl., ¶ 2.b). Both plaintiff and defendants attach the several remedy forms to the Complaint and motion to dismiss, respectively. There were a total of three remedy forms, filed only a few days apart, which received immediate response. The first remedy form was dated September 14, 2009. The second was dated September 17, 2009, which showed that defendant was "in the process of making changes to accommodate [plaintiff's] needs." (Farrell Decl., at Ex. B). The third and last remedy form was dated October 28, 2009, and requested plaintiff's transfer to another facility that has wheelchair accessible facilities and cells. The defendant's response indicated that plaintiff was transferred to SWSP on or about November 19, 2009.

Based on these allegations, the Complaint fails to contain sufficient facts that plausibly demonstrates that Paul violated Riker's constitutional rights. They are simply conclusory statements containing nothing more than a formulaic recitation of the bare elements of a constitutional claim. See Iqbal, 129 S.Ct. at 1951. The allegations utterly fail to support a claim that Paul was deliberately indifferent to plaintiff's special medical needs. Therefore, the Complaint must be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim. Because the Complaint fails to set forth sufficient facts to support a claim of a constitutional deprivation or a violation of plaintiff's rights

14

under the ADA, the Court need not address the defendants remaining arguments regarding Eleventh Amendment immunity or failure to exhaust administrative remedies, as they are now rendered moot by dismissal of the action pursuant to Fed.R.Civ.P. 12(b)(6).

III. CONCLUSION

Therefore, for the reasons set forth above, defendants' motion to dismiss the Complaint, pursuant to Fed.R.Civ.P. 12(b)(6) and/or for summary judgment will be granted, and this action will be dismissed in its entirety with respect to the named defendants, NJDOC - CTP; Administrator Paul; Sgts. Dircks, Vessel, Lawson and Jones; and Officers Alexander and Rembert, for failure to state a claim upon which relief may be granted. An appropriate order follows.

_____
CLAIRE C. CECCHI
United States District Judge

Dated: December 22, 2011